914 P.2d 1345

**Steven RUSSO, a married man, Plaintiff/Appellant,**

v.

**CATALINA FOOTHILLS UNIFIED SCHOOL DISTRICT NO. 16, a political subdivision of the State of Arizona, Defendant/Appellee.**

No. 2 CA–CV 95–0220.

Court of Appeals of Arizona, Division 2, Department A.

Dec. 14, 1995.

Review Denied April 23, 1996.

Russo, Cox & Russo by Karl MacOmber, Tucson, for plaintiff/appellant.

Deconcini McDonald Brammer Yetwin & Lacy by John R. McDonald and J. William Brammer, Jr., Tucson, Gust Rosenfeld by Fred H. Rosenfeld and Susan P. Segal, Phoenix, for defendant/appellee.

## OPINION

LIVERMORE, Presiding Judge.

In *Roosevelt Elementary School District v. Bishop,* 179 Ariz. 233, 877 P.2d 806 (1994), our supreme court held the existing statutory school financing structure unconstitutional because it caused gross disparities in school facilities. Within a week of the decision, the court responded to motions for clarification from certain school districts and from the Arizona School Boards Association concerning the application of the decision to the issuance of school bonds in the future but before new school financing legislation was enacted. The court's order, dated July 28, 1994, stated:

> The motions for clarification ask us to expressly state that this court's opinion dated July 21, 1994, did not purport to and does not affect the bonded indebtedness described in the motions. It has been represented to us that all parties to this case agree on that issue. We, too, agree. Thus, pending legislative compliance with our opinion and further order of this court, which would have prospective application only,
>
> IT IS FURTHER ORDERED that the public school system shall continue under existing statutes, and the validity and enforceability of past and future acts, bonded indebtedness and obligations incurred under applicable statutes, as long as they are in force and effect, are assured.

Plaintiff Steven Russo, a resident of defendant Catalina Foothills School District, sued for declaratory relief that bonds issued pursuant to elections held after the *Roosevelt* decision were invalid. He appeals from an order dismissing his complaint. We affirm.

The essential basis of Russo's argument is that "the bonded indebtedness described in the motions" was indebtedness already approved in school district elections. Consequently, it is contended, bonds issued on the basis of elections held after July 1994 were not authorized by the court's clarifying order and are thus invalid. We disagree for two

**254**

reasons. First, while the motion for clarification by the individual school districts described only bonds immediately ready for issuance, inferentially, therefore, already approved in elections, the motion of the Arizona School Boards Association was much more general and described the potential effect of the court's ruling on the market for school bonds issued prior to the enactment of new legislation. Neither motion referred to electoral authorization of bonds. In this posture, we do not believe that the clarifying order's reference to "bonded indebtedness described in the motions" can fairly be read to refer only to bonded indebtedness approved in pre-*Roosevelt* elections. Second, the language of clarification expressly authorizes future bonded indebtedness under existing statutes until they are invalidated by legislative replacement or future court action. See *Washakie County School Dist. v. Herschler*, 606 P.2d 310 (Wyo.1980).

Affirmed. Appellee's request for attorneys' fees on appeal is denied.

FERNANDEZ and PELANDER, JJ., concur.